# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL NO. 3:05CR92

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MARK S. COX ) | |

**THIS MATTER** is before the Court on the Government's motion for a second order of preliminary forfeiture which is opposed by the Defendant.

## I. PROCEDURAL HISTORY

On April 8, 2005, the Defendant was charged in a bill of information with bank fraud, aiding and abetting the same, in violation of 18 U.S.C. §§ 2 and 1344; health care fraud, aiding and abetting the same, in violation of 18 U.S.C. §§ 2 and 1347; and money laundering, aiding and abetting the same, in violation of 18 U.S.C. §§ 2 and 1957. On that same date, the Defendant entered into a plea agreement with the Government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that is, a binding plea

agreement containing a specific sentence.  The Defendant pled guilty to all three counts and the parties agreed to a sentencing range of 24 to 30 months imprisonment.  The agreement also provided:

> There is no loss caused by or foreseeable to this defendant in connection with the bank fraud alleged in Count One of the Bill of Information as of the date of this agreement.  Because of the availability of collateral and other sources for the repayment of the loan which was the subject of the bank fraud, this defendant will not be held responsible under the terms of this agreement for any subsequent losses associated with [Count One].
>
> . . .
>
> The amount of loss that was known to or reasonably foreseeable by the defendant in connection with the health care fraud alleged in Count Two of the bill of information is approximately $368,000.

**Plea Agreement, filed April 8, 2005, at 2.**  Despite the provision holding the Defendant unaccountable for losses as to the bank fraud count, he agreed to forfeit the sum $1,065,541.96, held in a specific account at BB&T, and to make restitution in the amount of $244,619.58, again held in a specific account at BB&T.  *Id.* **at 4, 9.**  The agreement specifically provided that those bank accounts would be subject to forfeiture.

The Government sought and obtained a preliminary order of forfeiture which resulted in the filing of a claim and answer by the Defendant's ex-wife, Carol Ann Cox.  On May 23, 2006, the undersigned

granted Ms. Cox's petition opposing forfeiture and amended the preliminary order of forfeiture to reflect her right to the sum of $812,000 previously held in one of the bank accounts identified in the plea agreement as being subject to forfeiture. **Order, filed May 23, 2006.** The Government appealed that decision but later consented to the dismissal of that appeal. **Order of the Fourth Circuit Court of Appeals, filed October 16, 2006.** The undersigned subsequently ordered that the sum of $812,000 be paid to Ms. Cox and that was accomplished on October 23, 2006.

The Defendant has not been sentenced although his sentencing hearing is currently scheduled for July 10, 2007, before Senior United States District Court Judge Graham C. Mullen.

On June 19, 2007, the Government filed this second motion for an order of preliminary forfeiture.

## II.  DISCUSSION

The Government's motion appears to reargue the previous forfeiture matter relating to Ms. Cox. The undersigned has previously ruled against the Government on this issue and the Government dismissed its appeal

from that adverse ruling. After several pages of discussion of the $812,000 the Court ordered to be paid to Ms. Cox, the Government closes by asking for the forfeiture of $100,000 which it claims was transferred by the Defendant to unidentified third parties who allegedly do not contest the forfeiture. Although unclear, it appears the Government argues that this $100,000 may be forfeited as substitute assets instead of the $812,000.

The Defendant responds that the Government is attempting to avoid the provisions of the binding plea agreement which identify the forfeitable assets as being contained within the two BB&T bank accounts. Thus, he argues that the Government waived any right to forfeit any assets other than those identified in the BB&T bank accounts.

To complicate the matter, forfeiture is part of the final sentence as provided in Fed. R. Crim. P. 32.2, and this matter is set for sentencing before a different District Court Judge. To the extent that the parties contest what is meant by the plea agreement, it would be inappropriate for the undersigned to enter the mix when another presiding judge is scheduled to address sentencing issues. In short, the Court does not understand the Government's motion; but, to the extent there are issues of forfeiture to be included in the Defendant's final sentence, the undersigned

will not interfere with the sentencing process to be conducted by Judge Mullen.

## III.  ORDER

**IT IS, THEREFORE, ORDERED** that the Government motion for a second preliminary order of forfeiture is hereby **DENIED**.

**IT IS FURTHER ORDERED** that, to the extent the Government seeks to relitigate issues resolved by the previous decision of the undersigned, it is bound by that decision.

Signed: July 5, 2007

Lacy H. Thornburg
United States District Judge

will not interfere with the sentencing process to be conducted by Judge Mullen.

## III.  ORDER

**IT IS, THEREFORE, ORDERED** that the Government motion for a second preliminary order of forfeiture is hereby **DENIED**.

**IT IS FURTHER ORDERED** that, to the extent the Government seeks to relitigate issues resolved by the previous decision of the undersigned, it is bound by that decision.

Signed: July 5, 2007

Lacy H. Thornburg
United States District Judge