FILED
ASHEVILLE, N.C.

AUG 21 2007

U.S. DISTRICT COURT
W. DIST. OF N.C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 3:05CR92

UNITED STATES OF AMERICA, )
)  **CONSENT ORDER AND**
v.              )  **JUDGMENT OF FORFEITURE**
)
MARK COX        )

BASED UPON the defendant's plea of guilty, and finding that the property listed below is subject to forfeiture under 21 U.S.C. 853(p) as substitute property for a corresponding portion of $812,000 of the bank fraud proceeds named in the preliminary order filed herein on April 11, 2005, but subsequently awarded to a third-party petitioner by order of this Court on May 23, 2006, and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. the following property is forfeited to the United States pursuant to 18 U.S.C. 982 and 21 U.S.C. 853:

**one official BB&T check for $100,000, number 80505056, dated June 18, 2007, payable to the United States Marshals Service;**

2. the United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property;

3. the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by law;

4. any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

5. following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that this check is substitute property for property traceable to proceeds of defendant's crime(s) herein and is therefore subject to forfeiture pursuant to 18 U.S.C. 982 and 21 U.S.C. 853. The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant.

The parties further stipulate and agree that their consent to forfeiture of the property identified herein was made known to the Court at the sentencing hearing before Judge Mullen on July 10, 2007; that Judge Mullen indicated his desire that Judge Thornburg rule on this matter, which was already pending before Judge Thornburg based on the government's motion for a second preliminary order and motion to reconsider; and that this consent order may be entered by Judge Thornburg nunc pro tunc.

In consideration of defendant's consent to forfeiture as stated herein, the government agrees not to seek forfeiture either civilly or criminally of any other property of defendant, including but not limited to the company known as Medicus Healthcare LLC, or any assets of Medicus, based on the charges filed in the bill of information in this case, regardless of whether or not any third party, including, but not limited to, defendant's ex-wife, Carol Ann Cox, or any trustee in bankruptcy, asserts a claim to the subject $100,000, or whether or not any such third party prevails on such a claim; provided, nothing in this consent judgment shall prevent or limit the government from seeking to collect or enforce any fine or restitution ordered as part of defendant's sentence, but no forfeiture of any additional property, whether as substitute property or otherwise, shall be sought as part of or in connection with any such collection or enforcement action. If the government determines, in its sole and unreviewable discretion, that all internal requirements have been satisfied for the use of forfeited assets as restitution, the U.S. Attorney's Office will submit a request to the Department of Justice for such use of the property forfeited in this case.

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

_____
David A. Brown
Assistant United States Attorney

_____
William A. Brafford
Assistant United States Attorney

_____
Mark Cox
Defendant

_____
Peter C. Anderson
Attorney for Defendant

Signed nunc pro tunc as provided above, this the 20th day of August, 2007.

_____
LACY H. THORNBURG
UNITED STATES DISTRICT JUDGE

2